## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SPECTRUM PHARMACEUTICALS INC., :
et al.,                              :
        Plaintiffs,      :
                          :
        v.                :    Civil Action No. 12-260-RGA
                          :
INNOPHARMA INC.,                     :
                          :
        Defendant.        :

### MEMORANDUM

The Magistrate Judge has issued two Reports and Recommendations. (D.I. 273 & 278). The two reports recommended resolutions of three pending summary judgment motions (D.I. 196, 197, 204). The Magistrate Judge also resolved a procedural motion. (D.I. 268).

Plaintiff has filed objections to limited aspects of the two reports, involving two of the motions. (D.I. 274 & 280). Defendants responded. (D.I. 279 & 281). I review *de novo* the objections, which are to substantive matters.

Plaintiff's argument is that I should deny the summary judgment motions as being moot, and enter judgment in favor of Defendants "on the basis of collateral estoppel." (D.I. 274, p.7). Most of Plaintiff's argument is directed at what might happen after resolution of this case. In that regard, the District of Nevada case that has spawned the collateral estoppel effect in these proceedings is pending on appeal before the Court of Appeals for the Federal Circuit, and will be argued on August 6, 2015. (Federal Circuit No. 15-1407, D.I. 46). Defendants will not participate in that appeal.

Both parties (as did the Magistrate Judge) discuss what appears to be a relevant decision thoughtfully discussing the same issues. *See DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 70 F.Supp.3d 808 (E.D. Tex. 2014). There the Court faced the issue of deciding whether to stay the case or enter summary judgment. *Id.* at 815. Among other things, the Court stated, "There is an interest in bringing litigation to a close when the law permits that result." *Id.* at 816. Granting summary judgment on the pending disputed motions might possibly advance that interest, in that is conceivable that Plaintiff might appeal and Defendants might be able to raise merits arguments other than collateral estoppel in support of the judgment. Unlikely, in my opinion, but not impossible. I think all three of Plaintiff's arguments are directed at the idea that the form of the decision has no ability to assist Defendants. On the other hand, I do not see how the form of the decision injures any interest of Plaintiff. Thus, I will adopt the Reports and Recommendations. A separate order will be entered.

United States District Judge